IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

R.M. and D.M., Individually       )     CIVIL NO. 06-00215 SOM/KSC
and as Guardians Ad Litem of      )
J.Y.M., an incompetent minor,     )
                                  )
        Plaintiffs,               )     ORDER DENYING PLAINTIFFS'
                                  )     MOTION FOR DECLARATORY RELIEF
    vs.                           )     AND REMANDING CASE
                                  )
PATRICIA HAMAMOTO, in her         )
official capacity as              )
Superintendent of the Hawai'i     )
Public Schools; and               )
DEPARTMENT OF EDUCATION,          )
STATE OF HAWAI'I,                 )
                                  )
        Defendants.               )
_____ )

ORDER DENYING PLAINTIFFS' MOTION FOR
DECLARATORY RELIEF AND REMANDING CASE

I.      INTRODUCTION.

        On December 23, 2005, J.Y.M.'s parents, R.M. and D.M.
(collectively, "Parents"), filed a request for an impartial
hearing under the Individuals with Disabilities Education Act
("IDEA"), 20 U.S.C. § 1400 et seq.  Parents' request for hearing
sought, among other things, reimbursement for their unilateral
placement of J.Y.M. in the private Variety School for the 2005
summer and the 2005 to 2006 school year.  On March 23, 2006, the
State of Hawaii Department of Education ("the DOE"),[1] filed a
motion to dismiss Parents' request, asserting that their request
was untimely under Haw. Rev. Stat. § 302A-443, which provides for

_____

        [1] Both the DOE and Patricia Hamamoto are named as Defendants
in this appeal.  For purposes of this order, the court refers to
both Defendants as "the DOE."

a 90-day statute of limitation for requests for hearings "where the request is for reimbursement of the costs of [a unilateral] placement."  After a hearing on the matter, the hearing officer agreed with the DOE and dismissed the portion of Parents' request seeking reimbursement.  Parents appeal from that decision.

Before the court is Parents' motion for declaratory relief, in which they argue that the hearing officer erred in dismissing their request for reimbursement.  Parents contend that the limitation period in Haw. Rev. Stat. § 302A-443 is inapplicable because:  (1) the DOE failed to inform them that the limitation period had changed on June 24, 2005; and (2) equitable tolling applies in this case.  Also before the court are the parties' opening and answering briefs on the administrative appeal.  These briefs present the same issues as Parents' motion.  Because the current record does not provide the court with sufficient facts to determine the issues before it, the court denies Parents' motion without prejudice and remands the case to the hearing officer.

II.      LEGAL STANDARD.

On appeal to this court from an administrative ruling in an IDEA case, the burden is on the party challenging the ruling.  Seattle Sch. Dist., No. 1 v. B.S., 82 F.3d 1493, 1498 (9th Cir. 1996); Clyde K. v. Puyallup Sch. Dist., 35 F.3d 1396, 1399 (9th Cir. 1994).  However, judicial review of IDEA cases differs substantially from judicial review of other agency

2

actions, in which courts generally are confined to the
administrative record and are held to a highly deferential
standard of review.  Ojai Unified Sch. Dist. v. Jackson, 4 F.3d
1467, 1471 (9th Cir. 1993).  Courts review de novo the
appropriateness of a special education placement under the IDEA.
County of San Diego v. Cal. Special Educ. Hearing Office, 93 F.3d
1458, 1466 (9th Cir.1996).  Nevertheless, when reviewing state
administrative decisions, courts must give due weight to
judgments of education policy.  Id. at 1466; Ojai, 4 F.3d at
1472.  In recognition of the expertise of the administrative
agency, the court must consider the findings carefully and
endeavor to respond to the hearing officer's resolution of each
material issue.  After such consideration, the court is free to
accept or reject the finding in whole or in part.  County of San
Diego, 93 F.3d at 1466; Gregory K. v. Longview Sch. Dist., 811
F.2d 1307, 1311 (9th Cir. 1987).  Despite its discretion to
reject the administrative findings after carefully considering
them, a court is not permitted simply to ignore the
administrative findings.  County of San Diego, 93 F.3d at 1466;
Gregory K., 811 F.2d at 1311.

III.     BACKGROUND.

     A.   Factual Background.

     J.Y.M. is a fourteen-year-old boy diagnosed with
Attention Deficit Hyperactivity Disorder, Asperger's Disorder,
Oppositional Defiant Disorder, and Reading Disorder (dyslexia).

3

Complaint ¶ 3; Record on Appeal ("RA") at 4; Opening Brief ("OB") at 2-3.[2]

J.Y.M. has been receiving special education services under the IDEA since the second grade. Complaint ¶ 5; OB at 3. Under the IDEA, the DOE must ensure that J.Y.M. is provided with a free appropriate public education ("FAPE") designed to meet his unique needs by means of an individualized education plan ("IEP"). See 20 U.S.C. § 1412; Kletzelman v. Capistrano Unified Sch. Dist., 91 F.3d 68, 69 (9th Cir. 1996); State of Hawaii v. L.K. & W.L., Civ. No. 05-00616 JMS/BMK, 2006 WL 1892220, at *2 (D. Haw. July 10, 2006).

During the 2004 to 2005 school year, J.Y.M attended Stevenson Intermediate School, a public school. Complaint ¶ 6; OB at 3. On May 9, 2005, the DOE held an IEP meeting with Parents and made an offer of FAPE, which Parents rejected. RA at 4. At that meeting, Parents also notified the DOE that they intended to enroll J.Y.M. in Variety School, a private school, for the summer of 2005 and the following school year. RA at 4; OB at 3.

---

[2] Because the record on appeal contains little evidence and the hearing officer made few findings, the court, when necessary, relies on the parties' unsupported statements of facts as stated in their filings with this court. On remand, the hearing officer should not consider the factual background in this order binding, but should base his decisions on the evidence before the hearing officer.

Some time prior to July 12, 2005, Parents enrolled J.Y.M. at Variety School for the summer.  Motion at 4.  On July 12, 2005, at another IEP meeting, Parents informed the DOE of J.Y.M.'s "academic improvement since enrolling at Variety School."  Motion at 4.  Parents allege that, at that meeting, they "were given a new procedural handbook and told by Christina Alfred that the laws remain 'basically the same'" as they had been previously.  Affidavit of D.M. and R.M. (8/25/2006) ("Parents' Affidavit") ¶ 4.  Parents say, "No mention was made about the change in the statute of limitation on private placement reimbursement."  Id.

According to Parents, "During [the July 12, 2005,] meeting, DOE offered to begin new assessments."  OB at 5. Parents say they "consented to these assessments and to having J.Y.M. be observed while attending Variety."  OB at 5.  Parents allege that "DOE's evaluations were begun in late July," but that the "comprehensive results from these evaluations were not available until late October 2005."  OB at 5.

Parents allege that, on August 22, 2005, J.Y.M. was "formally enrolled" in Variety School for the 2005 to 2006 school year.  Complaint ¶ 14.  They say that, on August 24, 2005,[3] they

---

[3] The court notes that Parents' request for hearing and other filings in the record state that they notified the school on August 22, 2005.  For purposes of this order, it is unnecessary to determine the exact date on which Parents notified the school, but the hearing officer may find it necessary to clarify this fact on remand.

"informed the school via email and fax that [they] were enrolling J.Y.M. at Variety school for school year 200[5]-200[6]." Parents' Affidavit ¶ 5.

Parents say that, on October 16, 2005, after the DOE held another IEP meeting with Parents, they "went over the procedural handbook 'with a fine tooth comb' to find out what [their] legal recourses were." Parents' Affidavit ¶ 6. Parents allege that it was not until they reviewed the handbook that they learned that the statute of limitation had changed. Motion at 14.

According to Parents, the DOE "made a final offer of FAPE on December 8, 2005." Complaint ¶ 16; Motion at 5. Because Parents "did not believe the December 2005 offer of FAPE would meet J.Y.M.'s educational needs," they filed a request for impartial hearing on December 23, 2005. Complaint ¶ 6.

B.   Procedural Background.

In their request for hearing, Parents sought, among other things, reimbursement "for any tuition or related costs incurred in sending [J.Y.M.] to Variety 2005 summer program, or 2005-2006 school year to date, including any costs for transportation or mileage." RA at 6.

On March 23, 2006, the DOE filed a motion to dismiss Parents' request for hearing, arguing that the request was untimely under Haw. Rev. Stat. § 302A-443. RA at 22. On March

28, 2006, Parents filed an opposition memorandum.  RA at 47.  On
April 10, 2006, after a hearing on the motion, the hearing
officer concluded that Parents' request for reimbursement was
untimely under Haw. Rev. Stat. § 302A-443.  RA at 61-62.  The
officer therefore dismissed Parents' "request for reimbursement
for the costs of the unilateral special education placement at
Variety School," but ordered that "all other concerns and
proposed resolutions as stated in the December 23, 2005 Request
for Impartial Hearing shall remain on the hearings calendar for
hearing."  RA at 62.  On April 18, 2006, the hearing officer
stayed his proceedings and vacated the scheduled hearing dates to
allow Parents to appeal the April 10, 2006, order.  RA at 109-10.

On April 20, 2006, Parents filed the present action in
federal court.  Their Complaint asks the court to "[e]nter a
judgment in favor of allowing [Parents] to proceed to [an]
administrative hearing with the issue of private school tuition
and cost reimbursement" and to "[r]emand this case back to the
Administrative Hearings Office for further proceedings."

On August 25, 2006, Parents filed the present motion
for declaratory relief, asking the court:  (1) to overturn the
hearing officer's decision that their request for hearing was
untimely under Haw. Rev. Stat. § 302A-443; (2) to allow Parents
to proceed in the administrative hearing on the issue of

reimbursement; (3) to remand the case to the hearing officer; and (4) to award them attorneys' fees and costs.  Motion at 14-15.

IV.      ANALYSIS.

        A.   Which Statute of Limitation Applies.

        The parties agree that the 90-day statute of limitation in Haw. Rev. Stat. § 302A-443(a)(2) governs the time period within which Parents were required to request a hearing for reimbursement of costs relating to their unilateral placement of J.Y.M. at Variety School.  In so agreeing, the parties appear to be treating J.Y.M.'s placement for the academic year beginning in 2005 as the date he was unilaterally placed in a private school.  Because the facts in the record are so sketchy, the court does not even reach the question of whether this agreement reflects applicable law.  Instead, the court raises the question of whether J.Y.M.'s placement at Variety School during the summer of 2005 is the date of unilateral placement.  If so, a different statute of limitation may or may not apply to Parents' request for hearing.

        In seeking reimbursement for summer school tuition even while looking to the start of the academic year months later as the date of unilateral placement, Parents create considerable confusion.  The record on appeal is unhelpful in clarifying the matter.  The record contains very little concerning J.Y.M.'s placement in summer school.  It is not clear, for example,

whether the DOE was required to provide "extended school year" services to J.Y.M. during the summer.

The court is well aware that it "must consider the [hearing officer's] findings carefully and endeavor to respond to the hearing officer's resolution of each material issue." County of San Diego, 93 F.3d at 1466.  The hearing officer found that the following fact was not in dispute:  "On August 22, 2005, [J.Y.M.] was unilaterally placed by his parents at Variety School." RA at 61.  However, the court "is free to determine independently how much weight to give the administrative findings" and "is free to accept or reject the findings in part or in whole." Id.  In considering how much weight to give the hearing officer's finding, the court notes that, on May 9, 2005, Parents notified the DOE that they intended to enroll J.Y.M. at Varsity School for the summer and that they would seek reimbursement of the tuition costs.  RA at 5; Motion at 4.  At some point during the summer, Parents did enroll J.Y.M. at Varsity School.  Parents' Affidavit ¶ 3.  The court also notes that Parents sought reimbursement "for any tuition or related costs incurred in sending [J.Y.M.] to Variety 2005 summer program." RA at 6.  Because parents enrolled J.Y.M. in and sought reimbursement for summer school, it may be that the unilateral placement occurred at the time he was enrolled in summer school, not when he was enrolled for the 2005 to 2006

school year.  The record does not even provide the date on which Parents enrolled J.Y.M. in summer school.

Because the record is insufficient to decide these issues and because the hearing officer was not presented with these issues or the relevant facts, the court remands the case to the hearing officer for a determination of when the unilateral placement occurred.  Once the date of unilateral placement is determined, the hearing officer should then determine which limitation period applies.  The limitation period may differ depending on when the unilateral placement occurred, given changes in state and federal law in 2005.

In 1975, Congress passed the IDEA in response to a finding that more than half of the nation's eight million children with disabilities were not receiving appropriate educational services.  Melodee H. v. Dep't of Educ., 374 F. Supp. 2d 886, 890 (D. Haw. 2005).  Until the IDEA was amended effective July 1, 2005, it did not specify a statute of limitation, and federal courts applied "the most closely analogous state statute of limitations."  See Livingston Sch. Dist. Nos. 4 & 1 v. Keenan, 82 F.3d 912, 915 (9th Cir. 1996) ("Because the IDEA does not specify a statute of limitations, we must determine the most closely analogous state statute of limitations."); L.K. & W.L., 2006 WL 1892220, at *11 n.12.  Since July 1, 2005, the IDEA has provided:

> A parent or agency shall request an impartial
> due process hearing within 2 years of the
> date the parent or agency knew or should have
> known about the alleged action that forms the
> basis of the complaint, or, if the State has
> an explicit time limitation for requesting
> such a hearing under this subchapter, in such
> time as the State law allows.

20 U.S.C. § 1415(f)(3)(C).  In other words, for actions that accrued prior to July 1, 2005, federal courts are to apply the most analogous state statute of limitation; for actions accruing on or after that date, federal courts apply state statutes of limitation if they expressly govern IDEA hearing requests under 20 U.S.C. § 1415(f).[4]

As the parties note, Haw. Rev. Stat. § 302A-443, which became effective on June 24, 2005, provides Hawaii's statute of limitation for parents requesting hearings under the IDEA.  Prior to its effective date, however, this court routinely applied the two-year statute of limitation for personal injury actions in IDEA cases.  In Patricia N. v. Lemahieu, 141 F. Supp. 2d 1243, 1250 (D. Haw. 2001), a case brought under the IDEA, the court noted:

---

[4] The syntax of § 1415(f)(3)(C) suggests that a parent has the option of acting "within 2 years" or within a state's "explicit time limitation."  The use of the disjunctive "or" appears not to give priority to either option.  However, a review of the legislative history indicates that Congress intended an express state limitation period to trump the two-year federal period.  See S. Rep. No. 108-185 (2003), reprinted in 2003 WL 22536141 (Senate report regarding a failed bill that contained language identical to that which was ultimately adopted and codified as § 1415(f)(3)(C)).

> The [IDEA does] not specify limitations
> periods.  Therefore, courts must determine
> and apply the most closely analogous state
> statute of limitations.  See <u>Livingston v.
> Keenan</u>, 82 F.3d 912, 915 (9th Cir. 1996).
> The court finds that, in this case, Hawaii's
> statute of limitations for personal injury
> claims is most analogous to Plaintiffs'
> instant claims.  Hawaii Revised Statutes
> § 657-7 provides that such claims are subject
> to a two-year statute of limitations.

<u>See</u>, <u>e.g.</u>, <u>L.K. & W.L.</u>, 2006 WL 1892220, at *11 (applying a two-year statute of limitation to an IDEA case in which the parents requested a due process hearing on May 18, 2005); <u>cf.</u> <u>Dep't of Educ. v. E.B.</u>, Civ. No. 05-00543 ACK/BMK, 2006 WL 1343681, at *4 n.7 (D. Haw. May 15, 2006) (applying a two-year statute of limitation to an IDEA case in which the parents requested a due process hearing on February 18, 2005).

On June 24, 2005, Haw. Rev. Stat. § 302A-443 took effect.  Section 302A-443 provides:

> (a) <u>An impartial hearing may be requested by
> any parent or guardian of a child with a
> disability, or by the department, on any
> matter relating to the identification,
> evaluation, program, or placement of a child
> with a disability; provided that the hearing
> is requested</u>:
>
> (1)   Within two years of the date the parent,
>       guardian, or department knew or should
>       have known about the alleged action that
>       formed the basis of the request for a
>       hearing; and
>
> (2)   <u>Notwithstanding paragraph (1), within
>       ninety days of a unilateral special
>       education placement, where the request</u>

                    <u>is for reimbursement of the costs of the
                    placement.</u>

Haw. Rev. Stat. § 302A-443(a) (emphases added).  This statute

continues to apply to IDEA cases that accrued after July 1, 2005,

as it provides an "explicit time limitation for requesting" an

IDEA hearing.  <u>See</u> 20 U.S.C. § 1415(f)(3)(C) (noting that state

statutes of limitations are applicable "if the State has an

explicit time limitation for requesting such a hearing under this

subchapter"); Haw. Rev. Stat. § 302A-443.

          If the unilateral placement occurred before June 24,

2005, it is not entirely clear that the 90-day statute of

limitation in Haw. Rev. Stat. § 302A-443 applies.  Another judge

of this court has held the 90-day statute applicable even when

the unilateral placement occurred before June 24, 2005, but that

judge ran the 90-day period not from the date of unilateral

placement but from June 24, 2005, the state statute's effective

date.  <u>See Jaren L. v. Dep't of Educ., State of Hawaii</u>, Order

Granting Plaintiffs' Motion for Declaratory Relief, Civ. No.

06-00024 DAE-LEK, slip op. at 7-11 (D. Haw. May 1, 2006).  It is

unclear whether this approach is consistent with the state

statute's reference to "the unilateral special education

placement" as the starting point for the 90-day period.  If the

unilateral placement occurred before June 24, 2005, and

constitutes the starting point for lamination purposes, it may be

that the applicable limitation period is stated in the two-year

                              13

statute applicable to personal injury actions in Hawaii.  This court need not here decide whether any particular approach is statutorily allowed or constitutes impermissible retroactive application.  The facts must first be determined before retroactivity is even in issue.  For example, if the unilateral placement occurred in, say, August 2005, retroactivity is not in issue.

If the unilateral placement occurred after June 24, 2005, but before July 1, 2005, the hearing officer should consider which state limitation period applies.  Despite its discussion of considerations and issues relating to a decision on which limitation period applies, this court is not, in the present order, expressing any opinion as to what the result of any analysis of the law should be.

If the unilateral placement occurred after July 1, 2005, then it does appear to this court that the 90-day limitation period applies.  Cf. footnote 4 supra (discussing the language of § 1415(f)(3)(C) and its legislative history).

B.   The DOE's Duty to Notify Parents of Procedural Safeguards.

Assuming that the 90-day limitation period in Haw. Rev. Stat. § 302A-443(a)(2) applies to this case, Parents contend that they should be excused from complying with that statute because the DOE did not "give a procedural safeguards notice to parents, which must include the time period within which to make a

14

complaint." Motion at 10 (citing 20 U.S.C. §§ 1415(d)(1)(A), 1415(d)(2)(E)(i)). Parents assert that they "received no such notice" and that, "[a]t no time did DOE inform [them] of the change in their <u>procedural</u> rights for bringing a complaint." Motion at 10 (emphasis in original). The DOE responds that, because "the procedural handbook was provided [to Parents] at the July 12, 2005 meeting," the DOE <u>did</u> provide the requisite notice to Parents. Opp. at 8-9. The court remands for a determination of whether the DOE fulfilled its obligation to notify Parents of procedural safeguards.

Under Haw. Rev. Stat. 302A-443, the 90-day statute of limitation does not apply

> to a parent or guardian of a child with a
> disability if the parent or guardian was
> prevented from requesting the hearing due to:
>
> (1)  Specific misrepresentations by the
>      department that it had resolved the
>      problem that formed the basis of the
>      complaint; or
>
> (2)  The department's withholding from the
>      parent or guardian information that was
>      required by state or federal laws and
>      regulations to provide a free,
>      appropriate, public education to a child
>      with a disability.

Haw. Rev. Stat. 302A-443(b). Parents argue that the DOE withheld information by failing to inform them that the statute of limitation had changed.

15

Under the IDEA, the DOE is obligated "to establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education."  20 U.S.C. § 1415(a).  These procedures include an opportunity to present complaints relating to the identification, evaluation, or educational placement of a child, or the provision of a FAPE to that child.  20 U.S.C. § 1415(b)(6).  Specifically, section 1415(d)(1)(A) provides:

> A copy of the procedural safeguards available
> to the parents of a child with a disability
> shall be given to the parents only 1 time a
> year, except that a copy also shall be given
> to the parents--
>
> (i)    upon initial referral or parental
>        request for evaluation;
>
> (ii)   upon the first occurrence of the filing
>        of a complaint under subsection (b)(6)
>        of this section; and
>
> (iii)  upon request by a parent.

20 U.S.C. § 1415(d)(1)(A).  "The procedural safeguards notice shall include a full explanation of the procedural safeguards," including "the time period in which to make a complaint."  20 U.S.C. § 1415(d)(2)(E)(i).

The Hawaii Administrative Rules similarly require the DOE to notify Parents of procedural safeguards.  Section 8-56-89 provides:

16

> A copy of the procedural safeguards available to the parent of a student with a disability shall be given to the parent, at a minimum:
>
> > (1)  Upon initial referral for evaluation;
> >
> > (2)  Upon each notification of an IEP meeting;
> >
> > (3)  Upon giving the parent a written notice for any purpose under section 8-56-68(a) and
> >
> > (4)  Upon receipt of a request for due process under section 8-56-72.

Haw. Admin. R. § 8-56-69(a).  The Hawaii Administrative Rules also state that the "procedural safeguards notice shall include a full explanation of all of the procedural safeguards available," including those relating to the timeliness of hearing requests. See Haw. Admin. R. § 8-56-69(b).

Under the foregoing federal and state law, the DOE is obligated to provide Parents with a notice that sets forth time requirements upon:  (1) a parental request for evaluation; (2) a request by a parent; (3) each notification of an IEP meeting; and (4) the giving of a written notice to a parent under Haw. Admin. R. § 8-56-68(a).  See 20 U.S.C. § 1415(d); Haw. Admin. R. § 8-56-69(a-b).  However, the record on appeal does not indicate when, if at all, any of these circumstances occurred in 2005. Therefore, on the present record, this court cannot determine when the DOE was obligated to provide Parents with a procedural safeguards notice.

Furthermore, although Parents allege that they received a procedural handbook on July 12, 2005, the record on appeal does not include that handbook or any other "procedural safeguards notice" provided by the DOE to Parents. See Parents' Affidavit ¶ 4. Without examining the handbook given to Parents, the court is unable to determine whether it included the information required under federal and state law.

Even if the handbook fulfilled the requisites of a procedural safeguards notice and informed Parents of the 90-day statute of limitation, the court cannot tell from the present record whether the DOE effectively withheld that information from Parents when Christina Alfred allegedly told them that the "laws remain 'basically the same.'" Id. If the DOE withheld such information, the limitation period in Haw. Rev. Stat. § 302A-443 "shall not apply" to Parents' request for hearing. See Haw. Rev. Stat. § 302A-443(b). To determine whether Christina Alfred's remark constituted "withholding . . . information," the court must examine the circumstances surrounding and the contexts for Parents' receipt of the handbook and Christina Alfred's alleged remark to them. The record on appeal contains no such facts.

On remand, if the hearing officer determines that Haw. Rev. Stat. § 302A-443 applies to this case, he shall also decide whether the DOE provided Parents with an adequate procedural safeguards notice or withheld information from Parents. See Haw.

18

Rev. Stat. § 302A-443(b)(2).  The hearing officer should consider, among other things:  (1) when, if at all, any acts occurred that triggered the DOE's obligation to provide Parents with the notice; (2) whether the handbook or any other notice given to Parents adequately addressed the applicable statute of limitation; and (3) the circumstances surrounding and contexts for Parents' receipt of the handbook and Christina Alfred's alleged comment.

        C.   <u>Equitable Tolling.</u>

Parents alternatively argue, "Equitable tolling prevents the running of the statute of limitations during the time Parents continued to negotiate J.Y.M.'s IEP."  Motion at 12.  They contend, "Equitable tolling is appropriate in this case, where [Parents] continued to rely on the IEP process and did not file a due process request until the final offer of FAPE was complete."  Motion at 13.  The court remands for a determination of whether equitable tolling is proper in this case.

When, as here, federal courts borrow state statutes of limitation, federal courts "also reference corresponding state law tolling provisions . . . , recognizing that 'the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application.'"  <u>See</u> <u>Tworivers v. Lewis</u>, 174 F.3d 987, 992 (9th Cir. 1999).  According to the Ninth Circuit, "Since 'the actual

length of time within which suit must be brought depends on the generosity of the tolling provisions as well as on the period of years, to borrow the latter without the former could distort the state's determination regarding that length of time.'"[5]  Id. (citing Mouradian v. John Hancock Cos., 930 F.2d 972, 974 (1st Cir. 1991) (internal ellipses points omitted)).  The court must therefore apply Hawaii law on equitable tolling to determine whether the limitation period should be tolled for Parents.

Hawaii courts recognize the equitable tolling of state statutes of limitation.  See, e.g., Office of Hawaiian Affairs v. State of Hawaii, 110 Haw. 338, 360, 133 P.3d 767, 798 (Haw. 2006).  Under Hawaii law, "In order to toll a statute of limitations for a complaint filed after its expiration, a plaintiff must demonstrate '(1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way.'"  Id. (internal ellipses points omitted). "Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a

---

[5] The court notes that, if the retroactive application of Haw. Rev. Stat. §302A-443 becomes an issue in this case, federal--not state--retroactivity rules will govern.  See Tworivers, 174 F.3d at 993 ("[T]he rationale underpinning the use of state tolling periods when borrowing a state limitations period--to respect the 'state's wisdom in setting a limit, and exceptions thereto'--does not hold for state retroactivity rules. Failure to borrow retroactivity rules, unlike tolling periods, does not give rise to the risks associated with selective borrowing of tolling rules." (internal citations and brackets omitted)).

complaint within the statute of limitations." Id. The Hawaii Supreme Court recently noted, "The application of equitable tolling in this jurisdiction has been, for the most part, in the insurance context where a statute of limitations was tolled from the time a claim for benefits was filed." Id.

Putting aside other issues relating to equitable tolling, the court notes that the current record does not establish that "extraordinary circumstances" prevented Parents from filing a timely request for hearing. See id. Parents argue that equitable tolling is appropriate here because they:

(1) "did not file a due process request until the final offer of FAPE was complete"; (2) they "did not become aware of the change in the law until October 2005"; and (3) "evaluations initiated by the school took from July-October 2005 to complete." Motion at 13-14 (emphasis in original). These factors do not appear, on the present record, to constitute "circumstances that are beyond the control of [Parents]." However, on remand, the hearing officer is free to receive additional evidence applicable to this issue, which may conceivably overlap other issues, such as the issue of whether notice as to timing was withheld.

D.   Remand Procedure.

The court remands this case to the hearing officer and terminates this action. The court recognizes that, in Shapiro v. Paradise Valley Unified School District No. 69, 152 F.3d 1159, 1160-61 (9th Cir. 1998), the Ninth Circuit indicated that the

district court should ordinarily stay, rather than dismiss, an action that has been remanded for further administrative proceedings.  Here, however, the parties have expressly agreed to this court's termination of the case.  In addition, the hearing officer had retained and stayed other issues pending decision by this court.  The hearing officer may have to determine whether the DOE was obligated to provide J.Y.M. with summer school services before determining whether the unilateral placement occurred when J.Y.M. was enrolled in summer school.  Indeed, the issues presented in this order and the issues that the hearing officer retained are likely intertwined.  On remand, the hearing officer will be free to address all issues in light of any new evidence, and any appeal regarding the statute of limitation may be brought after the hearing officer finally rules on the merits. This will ensure the efficient resolution of Parents' request for hearing and will avoid piecemeal litigation.[6]  Cf. <u>Shapiro v. Paradise Valley Unified Sch. Dist. No. 69</u>, 152 F.3d 1159, 1161 (9th Cir. 1998) ("Until the administrative proceedings are

---

[6] At the hearing on this matter, counsel for the DOE stated that Parents filed the instant appeal prior to fully exhausting their administrative remedies.  This court does not opine on whether Parents' appeal is premature.  While "any party aggrieved by the findings and decision made under [20 U.S.C. § 1415(i)] shall have the right to bring a civil action with respect to the complaint," <u>see</u> 20 U.S.C. § 1415(i)(2)(A), the issue of when such a civil action may be brought is not necessary for this court to decide in this case.

completed, the district court will not have before it all the issues that are necessary for it to render a final judgment.").

V.      CONCLUSION.

The court denies Parents' motion for declaratory relief and remands the case to the hearing officer for the factual and legal determinations set forth in this order.  As Parents paid a filing fee with this action, this court orders that, if Parents again appeal to this court following receipt of a final administrative ruling, Parents need not pay a new filing fee for that appeal.  To effectuate the waiver of a new filing fee, they shall present the Clerk of Court with a copy of this order when they file any new appeal.  If the DOE appeals, it shall pay the customary filing fee, as the DOE has paid no prior court filing fee in connection with this dispute.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 19, 2007.




_Susan Oki Mollway_
Susan Oki Mollway
United States District Judge


**R.M and D.M. v. Hamamoto et al.**, Civ. No. 06-00215 SOM/KSC; ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF AND REMANDING CASE.